UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

225 CADMAN PLAZA EAST

BROOKLYN N.Y. 11201

YOEL GRUEN

Vs.

AHUVA GRUEN, et al

DOCKET NO. 1:24-cv-00094-NRM-LB

TO THE HONORABLE JUDGES:

1. Attached [ Exhibit number one] is what I Received from the Superior Court Of New Jersey-

   Appellate Division.

2. The Appellate Court is Dening my motion because I don't have money

   I am Asking The Court to Address This Issue

REC'D IN PRO SE OFFICE
JUN 14 '24 AM 10:50

_____
YOEL GRUEN

6. 11. 2024
_____
DATE

Clerk Of the Supreme Court Of New Jersey

25 West Market Street

P.O Box 970

Trenton N.J 08625

609.815.2955


6.10.2024


YOEL GRUEN APPELLANT

   v.

AHUVA GRUEN RESPONDENT


1.Attached I Mailed to the Court My Motions with Proof of Mailings. Kindly Send me a Stamped Copy.


2.Attached [ Exhibit number one] is what I Received from the Superior Court Of New Jersey- Appellate Division.


3.The Appellate Court is Dening My Motion because I don't have money I am asking the Court to Address this issue.


_____
      YOEL GRUEN

6.10.2024

      DATE

PostalAnnex #20018
2918 Avenue I
Brooklyn, NY 11210
Ph:(347)374-2067
Fax:(347)374-3585
www.postalannex.com/20018

Shipment-------------------
   USPS Ground Advantage (lb.)
   Ship To:
      APPELLETE  DIVISION  CLERKS  OFFICE
      25 MARKET ST
      PO BOX 006
      TRENTON, NJ 08625-0006
   Package ID: 143860          12.98
   Tracking #:  9434611206210975770310
   Actual Wt: 1.17 lbs
   Rating Wt: 2 lbs
   Pkg Dims:  14.00 x 10.00 x 0.75
   USPS Tracking          [$0.00]
Shipment-------------------
   USPS Ground Advantage (lb.)
   Ship To:
      CLERK OF THE SURPEME COURT HUGHES JUSTICE
COMPLEX
      PO BOX 970
      TRENTON, NJ 08625-0970
   Package ID: 143872          12.98
   Tracking #:  9434611206210975701840
   Actual Wt: 1.76 lbs
   Rating Wt: 2 lbs
   Pkg Dims:  14.00 x 10.00 x 0.75
   USPS Tracking          [$0.00]
Shipment-------------------
   USPS Ground Advantage (oz.)
   Ship To:
      LEAH LEDERBERGER ESQ.
      2110 W County Line Rd
      JACKSON, NJ 08527
   Package ID: 143879           9.02
   Tracking #:  9400111206210975198006
   Actual Wt: 0.26 lbs
   Rating Wt: 0.31 lbs
   Pkg Dims:  14.00 x 10.00 x 0.75
   USPS Tracking          [$0.00]
Shipment-------------------
   USPS Ground Advantage (oz.)
   Ship To:
      FAMILY DIVISION
      OCEAN COUNTY SUPERIOR COURT
      PO BOX 2191
      TOMS RIVER, NJ 08754-2191
   Package ID: 143880           7.99
   Tracking #:  9400111206210975127365
   Actual Wt: 0.24 lbs
   Rating Wt: 0.25 lbs
   Pkg Dims:  14.00 x 10.00 x 0.75
   USPS Tracking          [$0.00]
Shipment-------------------
   USPS Ground Advantage (oz.)
   Ship To:
      MATHEW B. THOMPSON ESQ.
      BERRY, SAHRADNIK,KOTZAS & BENSON ATTORNEY
S AT LAW
      212 HOOPER AVE
      PO BOX 757
      TOMS RIVER, NJ 08753-760B
   Package ID: 143881           7.99
   Tracking #:  9400111206210975160027
   Actual Wt: 0.17 lbs
   Rating Wt: 0.18 lbs
   Pkg Dims:  14.00 x 10.00 x 0.75
   USPS Tracking          [$0.00]
Shipment-------------------
   USPS Ground Advantage (oz.)
   Ship To:
      AHUVA GRUEN
      114 CHATEAU DR
      LAKEWOOD, NJ 08701-5249
   Package ID: 143882           7.99
   Tracking #:  9400111206210975181954
   Actual Wt: 0.25 lbs
   Rating Wt: 0.25 lbs

YOEL GRUEN

965 EAST 29TH STREET

BROOKLYN N.Y. 11210

718.406.7633

joelgruen@hotmail.com

SUPREME COURT OF NEW JERSEY

APPELLATE DIVISION NUMBER A-001251-23

YOEL GRUEN APPELLANT

Vs.

AHUVA GRUEN RESPONDENT

NOTICE OF MOTION

FOR LEAVE TO APPEAL

TO: AHUVA GRUEN

PLEASE TAKE NOTICE that the undersigned herby moves before the Supreme Court of New Jersey for

Leave to Appeal the 2.28.2024 order of the Superior Court Appellate Division which denied Appellant's

Motions for Free Transcripts at the Public's expense and for Appellant's Motion to file as Indigent

In support of this motion, I shall rely on the attached certification

3.1.2024

DATED

YOEL GRUEN

DANIEL GIL
Notary Public - State of New York
NO. 01G642 907
Qualified in Kings County
My Commission Expires Oct 4, 2025

YOEL GRUEN

965 EAST 29TH STREET

BROOKLYN N.Y. 11210

718.406.7633

joelgruen@hotmail.com

SUPREME COURT OF NEW JERSEY

APPELLATE DIVISION NUMBER A-001251-23

YOEL GRUEN APPELLANT

Vs.

AHUVA GRUEN RESPONDENT

NOTICE OF MOTION

FOR LEAVE TO PROCEED AS AN INDIGENT

TO: AHUVA GRUEN

PLEASE TAKE NOTICE that the undersigned herby moves before the Supreme Court of New Jersey for

Leave to Proceed as an Indigent.

Appellant is Disabled since 11.9.2017. Appellants sole income is S.S.D.I in the monthly amount of

$882.00 and Food Stamps in the monthly amount of $281.00 which is below the Poverty Level.

Appellants Monthly expenses Are

  a. Rent $675.00
  b. Cell Phone Bill $22.98
  c. Food $150.00

In support of this motion, I shall rely on the attached certification

3 1. 2024

DATED

YOEL GRUEN

DANIEL GIL
Notary Public · State of New York
NO. 01G 6422907
Qualified in Kings County
My Commission Expires Oct 4, 2025

YOEL GRUEN   APPELLANT

VS

AHUVA GRUEN RESPONDENT                              SUPREME COURT OF NEW JERSEY

                                                   DOCKET NUMBER A-001251-23

3.1.2024

### CERTIFICATION

NOTICE OF MOTION FOR LEAVE TO APPEAL AND NOTICE OF NOTION FOR LEAVE

TO PROCEED AS INDIGENT   I AM ASKING THE COURT TO GRANT MY MOTIONS

I have filed to the Trial Court on 11.1.2022 and on 3.23.2023 and on 8.14.2023 and On

10.18.2023 to proceed as an Indigent with no response in writing from the Trial Court.

As per Attorney Mathew Thompson's letter dated 2.7.2024 page number four "In the

instant matter, the county of ocean does not take a position as to whether the appellant has

demonstrated indigency" the facts are very clear the appellant made know to the Trial Court on

many occasions that I am on Disability since 11.9.2017 which is Before the Final DJOD dated

10.11.2019 and the trial court should not have entered a Judgement on default denying

appellant his due process. The trial court knows that appellant lives below the poverty level and

still has not written a decision to grant or deny appellant as indigent  on the Contrary on

6.22.2020 Trail Court Judge Madelin F. Einbinder Granted my motion to Proceed as Indigent.

On 4.7.2017 Directive # 03-17 the N.J. Court Ruled on Indigent

   a.  Whose household income does not exceed 150% of the federal poverty level
   b.  Who have no more than $2500 in Liquid Assets

     Appellant is within these two qualifications

     Based on the Forgoing I am asking the Court to Grant my Motions

     I certify that the forgoing statements made by me are true. I am aware that If any of the

     forgoing statements made by me are  willfully false I am subject to punishment.

_____
                  YOEL GRUEN

DANIEL GR
Notary Public - State of New York
NO. 01GR4422407
Qualified in Kings County
My Commission Expires Oct 4, 2025

FILED, Clerk of the Appellate Division, February 28, 2024, A-001251-23, M-002971-23

ORDER ON MOTION
---------------

|  | SUPERIOR COURT OF NEW JERSEY |
|--|--|
|  | APPELLATE DIVISION |
|  | DOCKET NO.: A-001251-23T2 |
| YOEL GRUEN | MOTION NO.: M-002971-23 |
| V. | BEFORE: PART F |
| AHUVA GRUEN | JUDGE(S): THOMAS W. SUMNERS JR. |

MOTION FILED: 01/24/2024      BY: YOEL GRUEN
ANSWER(S)      02/08/2024      BY: OCEAN COUNTY COUNSEL
FILED:

SUBMITTED TO COURT:   February 26, 2024

ORDER
-----

THIS MATTER HAVING BEEN DULY PRESENTED TO THE COURT, IT IS, ON THIS 27th day of February, 2024, HEREBY ORDERED AS FOLLOWS:

MOTION BY APPELLANT

MOTION FOR TRANSCRIPTS AT
PUBLIC EXPENSE                    DENIED

SUPPLEMENTAL:

FOR THE COURT:

*Thomas W. Sumner*

THOMAS W. SUMNERS JR., C.J.A.D.

FM-15-327-16  OCEAN
ORDER - REGULAR MOTION
JC

FILED, Clerk of the Appellate Division, February 28, 2024, A-001251-23, M-002239-23

## ORDER ON MOTION
---------------

|  | SUPERIOR COURT OF NEW JERSEY |
|---|---|
|  | APPELLATE DIVISION |
|  | DOCKET NO.: A-001251-23T2 |
| YOEL GRUEN | MOTION NO.: M-002239-23 |
| V. | BEFORE: PART F |
| AHUVA GRUEN | JUDGE(S): THOMAS W. SUMNERS JR. |

MOTION FILED:  12/20/2023       BY:  YOEL GRUEN
ANSWER(S)                      BY:
FILED:

SUBMITTED TO COURT:   February 26, 2024

### ORDER
-----

THIS MATTER HAVING BEEN DULY PRESENTED TO THE COURT, IT IS, ON THIS 27th day of February, 2024, HEREBY ORDERED AS FOLLOWS:

MOTION BY APPELLANT

MOTION TO PROCEED AS INDIGENT  DENIED

SUPPLEMENTAL: Appellant shall provide a copy of the trial court's order granting the indigency application and a certification stating his financial situation has not substantially changed since the grant of indigency.  See R. 2:7-4.

FOR THE COURT:

*Thomas W. Sumners Jr.*
_____
THOMAS W. SUMNERS JR., C.J.A.D.

FM-15-327-16  OCEAN
ORDER - REGULAR MOTION
JC

FRANKLIN H. BERRY, JR. ⬦□
JOHN C. SAHRADNIK* ⬦□
STEPHEN B. KOTZAS Δ⬦□
LAURA M. BENSON ⬦□
ROBERT D. BUDESA **
MARY JANE LIDAKA ⬦
MATHEW B. THOMPSON†□
CHRISTOPHER A. KHATAMI†□
LAURA E. COMER

* NJ & FL Bars
Δ Admitted to the U.S. Tax Court
⬦ Admitted to U.S. Court of Appeals, 3rd Circuit
□ Admitted to U.S. Supreme Court
** Certified by the Supreme Court of New Jersey
   as a Workers Compensation Law Attorney



**BERRY, SAHRADNIK,
KOTZÁS & BENSON**
ATTORNEYS AT LAW

212 Hooper Ave. / P.O. Box 757
Toms River, NJ 08754-0757
732-349-4800

FRANKLIN H. BERRY 1941 – 1975
WILLIAM W. WHITSON 1941-1967
MAJA L. BERRY 1948-1961

COUNSEL
EDWARD T. FEUREY ⬦□Δ

Toll Free: 800-991-9279
Fax: 732-349-1983
www.bskb-law.com
@bskb-law.com

February 8, 2024

Joseph H. Orlando, Clerk
Appellate Division - Superior Court of New Jersey
Office of the Clerk
Hughes Justice Complex
CN 006
Trenton, New Jersey 08625

**Re:     Yoel Gruen v. Ahuva Gruen**
**Appellate Division Docket No. A-001251-23T2**
**Appellate Motion No.M-002971-23**
**Our File No. 21.0059876**

Dear Mr. Orlando:

This office represents the County of Ocean in the above-referenced matter. Please accept this letter brief in lieu of a formal brief as the County's opposition to Appellant, Yoel Gruen's (Appellant) Motion for Free Transcripts.

It is the County's position that the Appellant is not entitled to free transcripts in his appeal from the trial court's decision. The Appellant is appealing the December 8, 2023 decision of the Honorable Laurie C. Poppe, J.S.C. denying the Appellant's request to vacate the Default Judgment of Divorce ("DJOD") dated October 11, 2019 and other orders related to the parties divorce. The Appellant's CIS provides the following statement of facts:

On 10.11.2019 lisa puglisi made a default DJOD while plaintiff was involuntarily hospitalized under doctors care the trial court refuses to open the default judgement and is sexist towards men, is favoring females. on 12.8.2023 plaintiff was denied without a valid reasoning a default judgement against the defendant. Laurie Poppe refused to reconsider another judges orders not holding the defendant responsible to pay any child support. The trial denied plaintiff his due process and was biased towards plaintiff.

(See  Appellant's Civil Case Information Statement)

*Advocating for you and the communities in which we live*

February 7, 2024
Page 2

The Appellate listed, to the extent possible, the following issues for appeal:

1. Vacate and open the 10.11.2019 default DJOJ the trial court did not hear testimony from the guardian ad litem or any medical proffesinals (sp) and refuses to allow the plaitiff (sp) to cross examine them. 2.Immediate supervised Visitation by the court in court 3.Defendant to pay back support and child support and alimony 3. Equal distribution of all Martial assets with plaintiff's share to be used Only for bac support and child support payments .
(See Appellant's Civil Case Information Statement)

New Jersey has no statute, rule or recorded decision which requires transcripts at public expense for appeals in civil actions for money damages. Robinson v. St. Peter's Medical Center, 236 N.J. Super. 94, 99 (App. Div. 1989)  The New Jersey Supreme Court suggests that requests for transcripts in civil appeals should be handled on a case-by-case basis depending on the nature of the action and that free transcripts should be denied where the appeal is either purely civil in nature or is frivolous.  Id. and See In re Guardianship of Dotson, 72 N.J. 112, 118 (1976) holding that the court "should first decide whether the grounds stated for the appeal are frivolous."

The rules of court are facially neutral on the question of who is permitted to obtain a free transcript, but the comments to the rules reflect the general dichotomy between criminal and civil matters. R. 2:7-1 affords indigents the benefit of not paying necessary filing fees and deposit for costs, but does not address the transcript issue. Guidance is, however, provided by R. 2:5-3(d) which states in part:

If the appellant is indigent and is entitled to have a transcript of the proceedings below furnished without charge for use on appeal, either the trial or the appellate court, on application, may order the transcript prepared at public expense. Unless the indigent defendant is represented by the Public Defender or that office is otherwise obligated by law to provide the transcript to an indigent, **the court may order the transcript of the proceedings below furnished at the county's expense if the appeal involves prosecution for violation of a statute** and at the municipality's expense if the appeal involves prosecution for violation of an ordinance.
[Emphasis Added]

February 7, 2024
Page 3

The Appellate Division has further explained that:

Indigency and entitlement are required by the rule. While the requirements
necessary to pass both tests are not defined therein, the rule certainly does not
create an absolute right to a free transcript. Rather, it merely acknowledges that a
free transcript is available to those meeting the standard. The comments to both
rules clarify that, in criminal appeals, free transcripts are unquestioned for
indigents, while in civil appeals they are available only in the very exceptional
case which warrants that kind of public expenditure. See Pressler, Current N.J.
Court Rules, Comments to R. 2:7-1 and R. 2:5-3(d) (1989). This paragraph retains
the provision of the 1967 version of the rule permitting an indigent defendant
entitled to a free transcript to apply to either the trial or the appellate court for an
order for preparation of the transcript at public expense. See also N.J.S.A.
2A:152-17. However, the main purpose of this provision has effectively become
moot because of the Public Defender Act, N.J.S.A. 2A:158A-1 et seq., since
ordinarily criminal defendants who are indigent will be represented by the Office
of the Public Defender, which assumes transcript as well as other defense costs
subject to the statutory reimbursement provisions. Thus, unlike a criminal
defendant, a civil litigant has an uphill burden to justify the public financing of his
transcript costs.
Robinson at 100.

Although the New Jersey Supreme Court has had the opportunity to resolve the issue,
whether an indigent has an absolute and unconditional right, constitutional or otherwise, to be
provided at State expense with a full and complete transcript for use on appeal, it has declined to
do so. In re Guardianship of Dotson, supra, 72 N.J. at 114-115. No New Jersey court has held
that such an award may be made simply as a matter of judicial discretion in civil cases where
allowing a free transcript seems equitable. However, guidance as to when transcripts may be
required are contained in the comments to R. 2:1-1 which provides:

With respect to appeals in civil actions, the general rule is that relief from filing
fees and the deposit of costs pursuant to this rule does not include either the right
to assigned counsel or to a transcript at public expense. The only opportunity for
relief from the transcript requirement is by way of abbreviation pursuant to R.
2:5-3(c) or by an application to the trial court for a statement in lieu of
proceedings pursuant to R. 2:5-3(f). while the statement in lieu of transcript is
ordinarily available only when the verbatim record is lost or otherwise
unavailable, the rule is subject to relation and may be resorted by an indigent. See

February 7, 2024
Page 4

> In re Guardianship of Dotson, 72 N.J. 11 (1976) In Re Guardianship of S.C. 260
> N.J. Super. 304 (App. Div. 1992)
>
> There are, however, exceptions to the general rule of limited relief to appellants in
> civil appeals. Where termination of parental rights is an issue, both assignment of
> counsel and a transcript at public expense were accorded. In re Guardianship of
> Dotson, 72 N.J. 11 (1976). Defense of parents whose parental rights are being
> sought to be terminated under Title 30 has been, however, statutorily allocated to
> the Public Defender, N.J.S. 30:4C-15.4, who will bear all expenses of litigation
> and appeal In Re Guardianship of G.S., 137 N.J. 168 (1994). Transcripts at a
> public expense may also be available to indigents in Title 9 abuse or neglect
> cases. See DYFS v. E.B., 137 N.J. 180 (1994). And see In re Adoption of a Child
> by J.D.S., 176 N.J. 154 (2003) (indigent natural parent contesting private adoption
> whose parental rights were terminated in that proceeding is entitled to have the
> transcript paid for by the Public Defender if the adopting parents are unable to do
> so.)
>
> Although a commitment proceeding pursuant to the Sexually Violent Predator
> Act, N.J.S. 30:4-27.24 to 30:4-27.38 is a civil proceeding, a committed appellant
> has the right to both representation by the Public Defender and a transcript at the
> Public Defender's expense. In re Civil Commitment of D.L., 351 N.J. Super. 77,
> 90-92 (App. Div. 2002) certif, den. 179 N.J. 373 (2004)

In the instant matter, the County of Ocean does not take a position as to whether the
Appellant has demonstrated indigency. However, the County does assert the Appellant cannot
establish an entitlement to transcripts at the County of Ocean's expense. The Appellant does not
allege an appeal of a violation of a statute; rather, he is appealing the Motion to Vacate a final
judgment of divorce. Further, this matter does not arise from out of a criminal matter,
involuntary civil commitment, or the termination of parental rights. The nature of the Appellant's
appeal simply does not present the unique characteristics which would justify ignoring the
general rule that civil litigants are not entitled to burden public coffers with transcript costs.

February 7, 2024
Page 5

Based upon the foregoing reasons and the authorities cited in support thereof, the County

of Ocean respectfully submits that Appellants Motion for Free Transcripts at the expense of the

County of Ocean must be denied.

Respectfully submitted,
BERRY, SAHRADNIK, KOTZAS & BENSON
A Professional Corporation Attorneys for
Respondent, County of Ocean

By: _____

MATHEW B. THOMPSON

cc:     Yoel Gruen (CMRRR; Regular Mail)
        Leah Lederberger, Esq.

Received and Filed
6/22/2020
Superior Court of Ocean County

NOTICE: This is a public document. Do not enter personal identifying information on it, such as your full Social Security number, driver's license number, insurance policy number, vehicle plate number, active financial account, credit card number or military status. This document as submitted will be available to the public upon request.

Name   Yoel Green
Address   235 Reid 39th st
   Brooklyn NY 11210

Telephone Number   718 353 3485
Email Address   iselgreen@hotmail.com

Superior   Court of New Jersey
Ocean   ☑ County (If applicable)
Docket Number:   FM-15-527-16

Yoel Green

_____
Plaintiff(s)/Appellant(s),

v.

Ahuva Green

_____
Defendant(s)/Respondent(s).

## Order Waiving Filing Fees

This matter having been brought before the court on application of Yoel Green
(☑ plaintiff(s)/ ☐ appellant(s)/ ☐ defendant(s)/ ☐ respondent(s)) for an Order waiving filing fees pursuant to *Rule* 1:13-2, or *Rule* 2:7-1, and the Court having considered the moving party's financial information, the matter used for good cause appearing:

(Do not write below this line, For Court Use Only)

It is on this  22nd  day of  June , 20  20 , ORDERED that the application for a fee waiver is
✓ Granted   ☐ Denied

/s/ Madelin F. Einbinder, P.J.F.P.
_____
Madelin F. Einbinder, P.J.F.P.



New Jersey Courts
Independence · Integrity · Fairness · Quality Service

Administrative Office of the Courts

GLENN A. GRANT, J.A.D.
Acting Administrative Director of the Courts

www.njcourts.com · Phone: 609-984-0275 · Fax: 609-984-6968

**TO:** Hon. Carmen Messano
Assignment Judges
Hon. Patrick DeAlmeida
Civil, Criminal, Family, General Equity and
Municipal Presiding Judges
AOC Directors and Assistant Directors
Clerks of Court
Trial Court Administrators
Division Managers, All Divisions

Directive #03-17
(corrected )

**FROM:** Glenn A. Grant, J.A.D.

**SUBJ:** Fee Waivers Based on Indigence – Supreme Court Order; Fee Waiver
Application Form For All Courts

**DATE:** April 7, 2017 (updated April 20, 2017)

The Supreme Court by rule relaxation order dated April 5, 2017 (copy attached) has established a standard process and criteria for waivers of court filing and copy fees based on indigence. The Court's order relaxes Rules 1:13-2 ("Proceedings by Indigents") and Rule 2:7 ("Appeals by Indigent Persons"), effective immediately, pending adoption of conforming rule amendments.

As set forth in the order, court filing and/or copy fees may be waived "by reason of poverty" for litigants "(a) whose household income does not exceed 150% of the federal poverty level (with that level based on the number of members of the individual's household) and (b) who have no more than $2500 in liquid assets, subject to completion and submission of a uniform fee waiver request form promulgated by the Administrative Director of the Courts and with eligibility for waiver to be determined based on the applicant meeting the above income and assets standards and providing the court with the required proof of eligibility." The referenced uniform fee waiver request form is attached in the form of a fee waiver packet. [Note: The packet was updated April 20, 2017.]

The order further provides that "[i]f the court determines that the complaint, application, motion, appeal, petition, or other filing is frivolous or malicious or constitutes an abuse of process, the court may deny such waiver of court filing and copy fees in

Directive #03-17
April 7, 2017
Page 2

noncriminal matters, unless otherwise provided for by law."  Further, "[t]he provisions of
this order are separate from issues related to Public Defender eligibility and Form 5A
applications as well as protocols for permitting defendants to pay financial penalties in
installments in the municipal courts."

Thus, litigants seeking a waiver of court fees or copy fees based on indigence
must complete and submit the forms contained in the attached fee waiver packet.

As set forth in the packet, Legal Services of New Jersey and its associated
regional legal services programs, as well as public interest or legal services
organizations, law school clinical or pro bono programs that have been certified by the
Supreme Court pursuant to Rule 1:21-11 for fee waiver status are exempt from filing
fees and thus are not required to make a request for a fee waiver in individual cases.

Questions or concerns regarding this Directive may be directed to Michelle M.
Smith, Clerk of the Superior Court, at 609-984-4200 or michelle.smith@njcourts.gov.


attachments
c:      Chief Justice Stuart Rabner
        Hon. Jack M. Sabatino
        Steven D. Bonville, Chief of Staff
        Melaney S. Payne, Special Assistant
        Ann Marie Fleury, Special Assistant

## SUPREME COURT OF NEW JERSEY

Pursuant to N.J. Const. Art. VI., sec. 2, par. 3, it is ORDERED that the provisions of Rule 1:13-2 ("Proceedings by Indigents") and Rule 2:7 ("Appeals by Indigent Persons") of the Rules Governing the Courts of the State of New Jersey are supplemented and relaxed so as to permit waiver of court filing and copy fees by reason of poverty for litigants (a) whose household income does not exceed 150% of the federal poverty level (with that level based on the number of members of the individual's household) and (b) who have no more than $2500 in liquid assets, subject to completion and submission of a uniform fee waiver request form promulgated by the Administrative Director of the Courts and with eligibility for waiver to be determined based on the applicant meeting the above income and assets standards and providing the court with the required proof of eligibility.   If the court determines that the complaint, application, motion, appeal, petition, or other filing is frivolous or malicious or constitutes an abuse of process, the court may deny such waiver of court filing and copy fees in noncriminal matters, unless otherwise provided for by law.   The provisions of this order are separate from issues related to Public Defender eligibility and Form 5A applications as well as protocols for permitting defendants to pay financial penalties in installments in the municipal courts.  This order shall be effective immediately and shall continue in effect pending adoption of conforming rule amendments.

> For the Court,
> /s/ Stuart Rabner
> Chief Justice

Dated:  April 5, 2017

**NOTICE**: This is a public document. Do not enter personal identifying information on it, such as your full Social Security number, driver's license number, insurance policy number, vehicle plate number, active financial account, credit card number or military status. This document as submitted will be available to the public upon request.

Name YOEL GRUEN
Address 965 EAST 29TH STREET
~~BROOKLYN N.Y. 11210~~

Telephone Number 718.406.7633
Email Address joelgruen@hotmail.com

| | |
|---|---|
| YOEL GRUEN                    , | Supreme _____ Court of New Jersey<br>_____ County (if applicable) |
| | Docket Number: _____ |
| Plaintiff(s)/Appellant(s), | |
| v. | **Certification/Petition/Application in<br>Support of a Fee Waiver** |
| AHUVA GRUEN | |
| Defendant(s)/Respondent(s). | |

I/We, <u>YOEL GRUEN</u> _____, am/are the
(☒ plaintiff(s)/ ☐ appellant(s)/ ☐ defendant(s)/ ☐ respondent(s))  in the above-captioned matter and I/we make this certification in support of my/our request for a filing fee waiver pursuant to *Rule* 1:13-2 or *Rule* 2:7-1.

1. I/We am requesting this relief because I/we do not have sufficient funds or assets with which to pay the filing fees associated with this action.

2. I/We, ☐ am/ ☒ am not/ ☐ are/ ☐ are not  an inmate in State prison or County Jail.*

> **\*Attachments necessary: If you are a state prison or county jail inmate, you must attach a certified copy of your prisoner's fund account statement from the appropriate correctional institution for the six months immediately preceding the date of this application. If you are requesting a waiver of the partial filing fee requirement set forth in *N.J.S.A.* 30:4-16.3, you must attach an affidavit of special circumstances.**

3. I have been determined to be eligible for one or more of the following: (Check applicable boxes)

   ☐  Public Assistance (please provide your most recent award statement as proof of eligibility);
   ☒  Social Security Disability (please provide your most recent award statement as proof of eligibility)

4. Below is an accurate and full disclosure of my financial situation.  I financially support <u>SIX</u> dependents (not including myself). (A dependent is an individual who is a child or relative who resides in the home and relies you for more than half of his/her support for any given calendar year)

   **Attachments necessary:**
   **Provide two months of documentation for the following:**
   o  Welfare, Public Assistance, Unemployment, Disability, Social Security, Child Support/Alimony, other income.

   **Provide six months of bank statements for the following:**
   o  All bank accounts.

5.  I/we  ☐ am/ ▣ am not/ ☐ are/ ☐ are not  claimed as a dependent on someone else's tax return

**Employer's Name, Address and Telephone Number:**
N/A

**Complete the Following Information:**

| | | | |
|---|---|---|---|
| Net Monthly Income | $ | House(s)/Land Market Value | $ |
| Spousal/Cohabitant Contribution | $ | Value of All Motor Vehicles | $ |
| Unemployment/Disability | $  882.00 | Cash | $ |
| Social Security | $ | Current Balance Checking Accts. | $ |
| Veterans Administration | $ | Current Balance Savings Accts. | $ |
| Pension | $ | Civil Judgment Awards/Pending | $ |
| Public Subsidies | $ | Current Value of Stocks/Bonds | $ |
| Child Support/Alimony | $ | Face Value of CDs/IRAs/401Ks | $ |
| Housing Subsidies | $ | Money Market Accounts | $ |
| Trust Fund Income | $ | Retrievable Bail Amt. & Location | $ |
| Income from Rental Properties | $ | | |
| | | Other Assets | $ |
| **Total Monthly Income** | $  882.00 | **Total Assets** | $  0.00 |

6.  I/We understand that I/we am/are under a continuing obligation to notify the court of a change in my financial situation

## Certification

I/We certify that the foregoing statements made by me/us are true.  I/We am/are aware that if any of the foregoing statements made by me/us are willfully false, I/we am/are subject to punishment.

I/We further certify that in accordance with Court *Rule* 1:38-7(b) all confidential personal identifiers have been redacted and that subsequent papers submitted to the court will not contain confidential personal identifiers.

03/01/2024
_____
Date

YOEL GRUEN
_____
Print your name(s)

_____
Signature(s)

DANIEL GIL
Notary Public  State of New York
NO. 01G 48 407
Qualified in Kings County
My Commission Expires Feb 4 2025

**NOTICE:** This is a public document. Do not enter personal identifying information on it, such as your full Social Security number, driver's license number, insurance policy number, vehicle plate number, active financial account, credit card number or military status. This document as submitted will be available to the public upon request.

Name  YOEL GRUEN
Address  965 EAST 29TH STREET
~~BROOKLYN N.Y. 11210~~

Telephone Number  718.406.7633
Email Address  joelgruen@hotmail.com

| | |
|---|---|
| Supreme _____ | **Court of New Jersey** |
| | County (if applicable) |

YOEL GRUEN _____ ,

**Docket Number:** _____

_____
Plaintiff(s)/Appellant(s),

AHUVA GRUEN           v.

**Order Waiving Filing Fees**

_____
Defendant(s)/Respondent(s).

This matter having been brought before the court on application of  YOEL GRUEN _____ ,
(☒ plaintiff(s)/ ☐ appellant(s)/ ☐ defendant(s)/ ☐ respondent(s)) for an Order waiving filing fees pursuant to *Rule* 1:13-2 or *Rule* 2:7-1, and the Court having considered the moving party's financial information, the matter and for good cause appearing:

**(Do not write below this line, For Court Use Only)** _____

It is on this \_\_\_\_\_ day of _____, 20\_\_\_\_, **ORDERED** that the application for a fee waiver is

☐ **Granted**   ☐ **Denied**



United States Treasury 15-51
000

B 486,246,998

Check No.
4033 93911037
00002310026C1M5

11 03 23 28045300   KANSAS CITY, MO
000839389605   4033 93911037 S

Pay to
the order of
YOEL D GRUEN
PO BOX 190775
BROOKLYN NY 11219 0775

SOC SEC FOR OCT

037858

PERSONAL SETTLEMENT OFFICER          VOID AFTER ONE YEAR

$*****856*10

⑈4033⑈   ⑈000000518⑈:   4391103370⑈   0741123

YOEL GRUEN

APPELLANT

VS

AHUVA GRUEN

RESPONDENT

SUPREME COURT OF NEW JERSEY

APPELLATE DIVISION NUMBER A-001251-23

CERTIFICATION

I YOEL GRUEN CERTIFY THAT ON 3.1.2024 AN ORIGINAL AND FOUR COPIES OF NOTICE OF

MOTION FOR LEAVE TO APPEAL AND NOTICE OF MOTION FOR LEAVE TO PROCEED AS INDIGENT

WERE FORWARDED VIA CERTIFIED MAIL TO CLERK OF THE SUPREME COURT HUGHES JUSTICE

COMPLEX P.O BOX 970 TRENTON N.J. 08625 AND TO CLERK OF THE APPELLATE DIVISION

P.O. Box 006, Trenton, NJ 08625

I FURTHER CERTIFY THAT ON 3.1.2024 I FORWARDED SAME VIA CERTIFIED MAIL TO

1. AHUVA GRUEN 114 CHATEAU DRIVE LAKEWOOD NJ 08701

2. RESPONDENTS COUNSEL LEAH LEDERBERGER ESQ. 2110 WEST COUNTY LINE ROAD JACKSON N.J 08527

3. SUPERIOR COURT OF OCEAN COUNTY FAMILY DIVISION 120 HOOPER AVE TOMS RIVER N.J 08753

4. OCEAN COUNTY COUNCIL  Berry, Sahradnik, Kotzas & Benson, P.C.
   MATHEW THOMPSON ESQ. P.O BOX 757 212 HOOPER AVE TOMS RIVER N.J 08754

I certify that the forgoing statements made by me are true. I am aware that if any of the forgoing statements made by me are willfully false I am subject to punishment.

DANIEL GIL
Notary Public - State of New York
NO. 01GI6422907
Qualified in Kings County
My Commission Expires Oct 4, 2025

**(1)** Yoel Gruen

Your Name

965 East 29th Street

Address

Brooklyn N.Y 11210

City, State, Zip Code

(718) 406-7633    ext.

Telephone Number

joelgruen@hotmail.com

E-mail Address

**(3)** Superior Court of New Jersey

Appellate Division

Docket Number:  A   001251-23

· OR

Number assigned by trial/tax court or agency
(if no Appellate Division Docket Number):
FM-15-327-16

---

**(3)** Yoel Gruen

Appellant

v.

Ahuva Gruen

Respondent

**Notice of Motion for**

**(4)** Reconsideration of the Courts 6.28.2022
Decision

---

**(5)** To: Leah Lederberger

(Name of adversary and attorney, if represented)

2110 Weat County Line Road

(Address – use attorney's address if represented)

Jackson N.J. 08527

City, State, Zip Code

**(6)** PLEASE TAKE NOTICE that the undersigned hereby moves before the Superior Court of New Jersey, Appellate Division, for an Order granting the above-listed relief(s).  In support of this motion, I shall rely on the attached:

☐ brief and appendix

■ certification (procedural motions only)

**(7)** I am filing the original and 4 copies of my motion with the Clerk of the Appellate Division, and serving 2 copies of my motion on all of the parties to the above-captioned matter. Attached is a copy of my Certification of Service.  RESPONDING PARTIES: Per Rule 2:8-1, answers to this motion should be filed with the Clerk of the Appellate Division within 10 days of your receipt of this motion unless otherwise directed by the Clerk.

5.28.2024

Date

Your Signature

Yoel Gruen

Print Name

YOEL GRUEN APPELLANT

VS

AHUVA GRUEN RESPONDENT


DOCKET NUMBER A-001251-23


5.28.2024


### CERTIFICATION

I YOEL GRUEN AM ASKING THE COURT TO RECONSIDER IT'S 6.28.2022
DECISION DOCKET NUMBER A-3324-19.

AS SEEN IN EXHIBIT NUMBER ONE ON 8.31.2021 THE RESPONDENT TOOK A
$200,000.00 MORTGAGE ON THE MARTIAL HOME 114 CHATEAU DRIVE
LAKEWOOD N.J. 08701 THAT I WAS APPEALLING WITH THE APPELLATE
COURT AND WAS AT THAT TIME UNDER REVIEW WITH THE APPELLATE
COURT. THIS IS SOMETHING I JUST FOUND OUT AND IT'S QUITE
PECULIAR AND SOUNDS LIKE THE TRICKERY TACTICS THAT THE
RESPONDENT HAS BEEN CONTINUING GOING ON UNTIL NOW THAT I
COULDN'T LOOK UP [ I PERIODICALLY CONTUINE LOOKING AND NOW IT
JUST CAME UP FOR THE FIRST TIME] AND SEE IF THE MARITAL HOME HAD
A SECOND MORTGAGE OR NOT UNTIL NOW WHICH IS SEVERAL YEARS LATER


BASED UPON THE FOREGOING I AM ASKING THE COURT FOR FULL AND
COMPLETE DISCOVERY.

I CERTIFY THAT THE FOREGOING STATEMENTS MADE BY ME ARE TRUE

I AM AWARE THAT IF ANY OF THE FOREGOING STATEMENTS MADE BY ME

ARE WILLFULLY FALSE, I AM SUBJECT TO PUNISHMENT


_____          5.28.2024
          YOEL GRUEN                          DATE



                    5/28/24


                    DANIEL GIL
              Notary Public - State of New York
                   NO. 01GI6422907
               Qualified in Kings County
           My Commission Expires Oct 4, 2025

**NOTICE**: This is a public document. Do not enter personal identifying information on it, such as your full Social Security number, driver's license number, insurance policy number, vehicle plate number, active financial account, credit card number or military status. This document as submitted will be available to the public upon request.

Name <u>Yoel Gruen</u>
Address <u>965 East 29th Street</u>
　　　　<u>Brooklyn N.Y 11210</u>
Telephone Number<u>718.406.7633</u>
Email Address<u>joelgruen@hotmail.com</u>

| | |
|---|---|
| | <u>APPELLATE</u>　 Court of New Jersey |
| | _____ County (if applicable) |
| | Docket Number: A-001251-23 |

YOEL GRUEN　　　　　　　　　　　　　,
_____
　　　　　　Plaintiff(s)/Appellant(s),

**Certification/Petition/Application in Support of a Fee Waiver**

　　　　　　v.
AHUVA GRUEN
_____,
　　　　Defendant(s)/Respondent(s).

I/We, <u>YOEL GRUEN</u>_____, am/are the
(■ plaintiff(s)/ ☐ appellant(s)/ ☐ defendant(s)/ ☐ respondent(s)) in the above-captioned matter and I/we make this certification in support of my/our request for a filing fee waiver pursuant to *Rule* 1:13-2 or *Rule* 2:7-1.

1. I/We am requesting this relief because I/we do not have sufficient funds or assets with which to pay the filing fees associated with this action.

2. I/We, ☐ am/ ■ am not/ ☐ are/ ☐ are not  an inmate in State prison or County Jail.*

> ***Attachments necessary:** If you are a state prison or county jail inmate, you must attach a certified copy of your prisoner's fund account statement from the appropriate correctional institution for the six months immediately preceding the date of this application. If you are requesting a waiver of the partial filing fee requirement set forth in *N.J.S.A.* 30:4-16.3, you must attach an affidavit of special circumstances.*

3. I have been determined to be eligible for one or more of the following: (Check applicable boxes)

　　☐　Public Assistance (please provide your most recent award statement as proof of eligibility);
　　■　Social Security Disability (please provide your most recent award statement as proof of eligibility)

4. Below is an accurate and full disclosure of my financial situation. I financially support <u>7</u>___ dependents (not including myself). (A dependent is an individual who is a child or relative who resides in the home and relies you for more than half of his/her support for any given calendar year)

**Attachments necessary:**
**Provide two months of documentation for the following:**
　　•　Welfare, Public Assistance, Unemployment, Disability, Social Security, Child Support/Alimony, other income.

**Provide six months of bank statements for the following:**
　　•　All bank accounts.

5.  I/we  ☐ am/ ☒ am not/ ☐ are/ ☐ are not  claimed as a dependent on someone else's tax return

Employer's Name, Address and Telephone Number:
N/A

**Complete the Following Information:**

| | | | |
|---|---|---|---|
| Net Monthly Income | $ | House(s)/Land Market Value | $ |
| Spousal/Cohabitant Contribution | $ | Value of All Motor Vehicles | $ |
| Unemployment/Disability | $ | Cash | $ |
| Social Security | $ 882.00 | Current Balance Checking Accts. | $ |
| Veterans Administration | $ | Current Balance Savings Accts. | $ |
| Pension | $ | Civil Judgment Awards/Pending | $ |
| Public Subsidies | $ | Current Value of Stocks/Bonds | $ |
| Child Support/Alimony | $ | Face Value of CDs/IRAs/401Ks | $ |
| Housing Subsidies | $ | Money Market Accounts | $ |
| Trust Fund Income | $ | Retrievable Bail Amt. & Location | $ |
| Income from Rental Properties | $ | | |
| | | Other Assets | $ |
| **Total Monthly Income** | **$ 882.00** | **Total Assets** | **$ 0.00** |

6.  I/We understand that I/we am/are under a continuing obligation to notify the court of a change in my financial situation

## Certification

I/We certify that the foregoing statements made by me/us are true.  I/We am/are aware that if any of the foregoing statements made by me/us are willfully false, I/we am/are subject to punishment.

I/We further certify that in accordance with Court *Rule* 1:38-7(b) all confidential personal identifiers have been redacted and that subsequent papers submitted to the court will not contain confidential personal identifiers.

05/20/2024                                          YOEL GRUEN
_____                   _____
Date                                                    Print your name(s)

                                                        _____
                                                        Signature(s)

5/28/24

**NOTICE**: This is a public document. Do not enter personal identifying information on it, such as your full Social Security number, driver's license number, insurance policy number, vehicle plate number, active financial account, credit card number or military status. This document as submitted will be available to the public upon request.

Name   Yoel Gruen
Address   965 East 29th Street
          Brooklyn N.Y 11210

Telephone Number   718.406.7633
Email Address   joelgruen@hotmail.com

YOEL GRUEN                                   ,

Plaintiff(s)/Appellant(s),

                          v.

AHUVA GRUEN

                                            ,
Defendant(s)/Respondent(s).

**APPELLATE**   Court of New Jersey
_____   County (if applicable)
Docket Number:   A-001251-23

**Order Waiving Filing Fees**

This matter having been brought before the court on application of <u>YOEL GRUEN</u>                ,
(■ plaintiff(s)/ ☐ appellant(s)/ ☐ defendant(s)/ ☐ respondent(s)) for an **Order** waiving filing fees
pursuant to *Rule* 1:13-2 or *Rule* 2:7-1, and the Court having considered the moving party's financial
information, the matter and for good cause appearing:

**(Do not write below this line, For Court Use Only)**

It is on this _____ day of _____, 20____, **ORDERED** that the application for a fee waiver is

☐ **Granted**   ☐ **Denied**

**(1)** Yoel Gruen
_____
Name (first, middle, last)
965 East 29th street
_____
Address
Brooklyn N.Y. 11210
_____
City, State, Zip Code
(718) 406-7633   ext.
_____
Telephone Number
joelgruen@hotmail.com
_____
E-mail Address

## Certification of Service

**(2)** Yoel Gruen
_____
Appellant

v.

Ahuva Gruen
_____
Resondent
_____

**(3)** Superior Court of New Jersey
Appellate Division
Docket Number:  A 001251-23
_____
**OR**
Number assigned by trial/tax court or agency
(if no Appellate Division Docket Number):
FM-15-327-16
_____

**(4)** I certify that on  05/28/2024_____, I served two copies of the following document(s):
Notice Of Motion For Reconsideration
_____

**(5)** By: (select all that apply):

☐ hand delivery

☐ regular mail to last known address

■ registered or certified mail, return receipt, to last known address

☐ other*_____

       **\*Note**: There must be consent of receiving party to use a method of service other than mail or hand delivery. **BY SIGNING THIS FORM, YOU ARE CERTIFYING THAT THERE IS CONSENT.** If serving by e-mail or fax, provide the receiving party's e-mail address or fax number below:

_____

**(6)** on the following parties, or their attorney if represented, in the above-captioned matter

Leah Lederberger
_____
(Name of party and party's attorney, if represented)

2110 West County Line Road
_____
(Address -- use attorney's address if represented)

Jackson N.J 08527
_____
(City, State & Zip Code)

Ahuva Gruen
(Name of party and party's attorney, if represented)
114 Chateau Drive
(Address – use attorney's address if represented)
Lakewood N.J 08701
(City, State & Zip Code)

**(7) I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.** (See *Rule* 1:4-4(b))

**(8)** 05/28/2024

Date

**(9)**

Signature

**(10)** Yoel Gruen

Print Name

5/28/24

DANIEL GIL
Notary Public - State of New York
NO. 01GI6422907
Qualified in Kings County
My Commission Expires Oct 4, 2025

┌─────────────────────────────────────────────────────────────────┐
│                  **NOT FOR PUBLICATION WITHOUT THE**              │
│                  **APPROVAL OF THE APPELLATE DIVISION**           │
│                                                                   │
│  This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the │
│  internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3. │
└─────────────────────────────────────────────────────────────────┘

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3324-19

YOEL GRUEN,

     Plaintiff-Appellant,

v.

AHUVA GRUEN,

     Defendant-Respondent.

_____

       Submitted May 31, 2022 – Decided June 28, 2022

       Before Judges Rothstadt and Natali.

       On appeal from the Superior Court of New Jersey,
       Chancery Division, Family Part, Ocean County, Docket
       No. FM-15-0327-16.

       Yoel Gruen, appellant pro se.

       Keith, Winters, Wenning & Harris, LLC, attorneys for
       respondent (Cipora Winters, on the brief).

PER CURIAM

     In this dissolution matter, plaintiff Yoel Gruen appeals from the Family

Part's October 11, 2019 default final judgment of divorce (JOD) granted to

defendant, Ahuva Gruen. On appeal, plaintiff argues that the trial court denied his due process rights by entering the default JOD while plaintiff was involuntarily hospitalized under a doctor's psychiatric care and without testimony from plaintiff's guardian ad litem. He also contends the court failed to hold defendant accountable for child support and erred by not equitably distributing the parties' marital properties, miscalculating his earning capacity, directing the parties to split the children's healthcare costs on a 75/25 basis, and directing him to pay $167,993.80 in outstanding child support.

Having considered the record, we conclude that plaintiff's appeal must be dismissed as he failed to seek any relief from the trial court under Rule 4:50-1.

The facts pertinent to this appeal taken from the record are summarized as follows. The parties were married on March 12, 2000 in a religious ceremony. There were seven children born to the marriage, currently ranging from ages nine to twenty-one.

Plaintiff filed a complaint for divorce, on September 9, 2015, and defendant filed a timely answer and counterclaim. Thereafter, on June 7, 2016, the parties entered into an agreement as to their financial issues following mediation. On August 15, 2016, a consent order was entered as to custody and parenting time. Nevertheless, the parties thereafter engaged in protracted

litigation, filing numerous motions, including applications by plaintiff to seek relief from this court on an interlocutory basis, which we denied.

Subsequently, when the trial court began to attempt to schedule a final hearing in December 2017, plaintiff repeatedly failed to appear, asserting that he was receiving psychiatric treatment at Ancora State Psychiatric Hospital (Ancora) and could not attend the hearings.

On June 1, 2018, the court entered an order, as amended on June 8, 2018, in which it appointed a guardian ad litem for plaintiff after "find[ing] that the involuntary commitment of . . . [p]laintiff to Ancora . . . after a series of voluntary commitments raise[d] prima facie concerns about his mental health." The guardian ad litem later issued two reports, in June 2018 and September 2018, which informed the court that plaintiff's mental health providers believed that he was exaggerating his symptoms and was a "malingerer." As such, the guardian ad litem concluded that in her "opinion [plaintiff] can participate in the divorce [proceedings] but chooses not to." She noted, that "[a]t best, it appears that he is exaggerating his symptoms" or "[a]t worst, he is completely falsifying his symptoms in order to avoid participating in the litigation."

On January 18, 2019, the court entered an order striking plaintiff's pleading and permitting defendant to proceed on her counterclaim on a default

3

A-3324-19

basis after finding that plaintiff "purposely evaded" the proceedings for over a

year.  In its written findings of fact that were incorporated into its order, the

court stated, in pertinent part, as follows:

> The within decision illustrates the lack of respect for
> these proceedings shown by [p]laintiff.  Plaintiff has
> thwarted every opportunity to attempt to either resolve
> or otherwise adjudicate this matter.  The [c]ourt has
> previously denied without prejudice [d]efendant's
> request to declare a default and have the matter proceed
> by way of default trial.  However, [p]laintiff has now,
> in this [c]ourt's mind, purposely evaded this [c]ourt's
> proceedings for well over one (1) year.  The last time
> that [p]laintiff appeared in [c]ourt was October of 2017.
> After that date, he would appear at the courthouse to
> drop off documents etc., but would be unavailable on
> any [m]otion or conference date scheduled by the
> [c]ourt.  Since his release from Ancora approximately
> four (4) months ago, he has not made contact with the
> [c]ourt, although he had been advised by the Guardian
> Ad Litem that this matter would be proceeding.  The
> [c]ourt is satisfied that he is purposely evading the
> process and is acting in what appears to be bad faith.
> The [c]ourt is convinced that fairness and equity
> necessitate granting the extraordinary remedy to strike
> [p]laintiff's pleadings and allow the matter to . . .
> proceed by default.  The [c]ourt does not make this
> decision lightly.  However, after an analysis and
> weighing of all the facts and circumstances in this case,
> the [c]ourt is satisfied that to do otherwise will serve to
> do nothing but delay the matter indefinitely and would
> be an injustice to [d]efendant, who has complied with
> all provisions of all [c]ourt orders currently in effect.
> Accordingly, default shall be entered upon the record.
> Pursuant to R[ule] 5:5-10, [d]efendant is ORDERED to
> file a Notice of Proposed Final Judgment and serve

A-3324-19

> same upon [p]laintiff.   The matter will then be
> scheduled for a default hearing in the normal course
> after the period for objections has expired.

Thereafter, defendant filed and attempted to serve the Notice for Final

Judgment required by Rule 5:5-10.  However, despite her diligent efforts to

locate plaintiff's address, she was unable to serve defendant.  Thereafter, the

court entered an order permitting defendant to serve plaintiff by substituted

service through publication, which she did on August 5, 2019.  Afterward, on

October 11, 2019, the court presided over the default hearing.  Plaintiff did not

appear.  On the same day, after considering defendant's testimony, the court

issued the JOD, placing its reasons on the record that day.  Defendant filed this

appeal on April 28, 2020.[1]

We conclude from our review of the record that plaintiff's appeal is barred

under our holding in Haber v. Haber, 253 N.J. Super. 413, 414-15 (App. Div.

1992).  In Haber, we considered the defendant's ability to appeal a default

divorce judgment that was entered after the defendant filed an answer and

counterclaim but failed to appear at trial.  Ibid. There, we stated "a direct appeal

will not lie from a judgment by default."  Id. at 416 (first citing McDermott v.

---

[1] On June 26, 2020, we granted plaintiff's motion to file his notice of appeal "as
within time."

A-3324-19

Patterson, 122 N.J.L. 81, 84 (E. & A. 1939); and then Walter v. Keuthe, 98

N.J.L. 823, 826-27 (E. & A. 1923)); accord N.J. Div. of Youth & Fam. Servs. v.

T.R., 331 N.J. Super. 360, 363-64 (App. Div. 2000) (citing Haber, 253 N.J.

Super. at 416).  We explained our reasoning in Haber as follows:

> The reason underlying this rule is that the very theory
> and constitution of a court of appellate jurisdiction is
> only the correction of errors which a court below may
> have committed, and a court below cannot be said to
> have committed an error when its judgment was never
> called into exercise, and the point of law was never
> taken into consideration, but was abandoned by
> acquiescence or default of the party who raised it.
>
> [Haber, 253 N.J. Super. at 416 (quoting McDermott,
> 122 N.J.L. at 84).]

Thus, "[t]he proper course is to apply to the trial court to vacate the

judgment[]"under Rule 4:50-1.[2] Ibid. (citing Walter, 98 N.J.L. at 827).

In the matter now before us, the record contains no evidence that during

the six months between the entry of the JOD and the filing of his appeal, plaintiff

ever filed the required Rule 4:50-1 motion with the trial court.  After he filed

the appeal, and despite the statement in our above noted March 2021 order, to

---

[2]  We note that in response to defendant's February 1, 2021 motion filed before us to "open the default judgment," we entered an order on March 8, 2021, denying relief and advising that "[a] motion to set aside a default judgment must be made in the trial court."

A-3324-19

our knowledge, plaintiff has still not filed that motion.   Under these circumstances, we are constrained to dismiss plaintiff's appeal.

Appeal dismissed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-3324-19

# New Jersey Courts

Independence · Integrity · Fairness · Quality Service

Superior Court of New Jersey - Appellate Division

**MARIE C. HANLEY, ESQ.**
DEPUTY CLERK – CASE PROCESSING

**JOSEPH H. ORLANDO, ESQ.**
CLERK OF THE APPELLATE DIVISION

**STACY A. FOLS, ESQ.**
DIRECTOR, CENTRAL RESEARCH

**SAUL E. HERNANDEZ**
DEPUTY CLERK – ADMINISTRATIVE SERVICES

**LISA D. BIGONY, ESQ.**
CHIEF COUNSEL

Richard J. Hughes Justice Complex · P.O. Box 006 · Trenton, NJ 08625-0006      njcourts.gov · Tel: 609-815-2950 · Fax: 609-815-2949

Date: 06/04/2024

YOEL GRUEN
965 EAST 29TH ST
BROOKLYN, NJ 11210,

Re:  YOEL GRUEN V. AHUVA GRUEN
     Docket No. A-003324-19

Dear YOEL GRUEN,

The court has directed the Clerk's office to review motion
documents, captioned "reconsideration of the Courts 6/28/22
decision" received 5/29/24. The motion does not comply with the
court rules and policies of the Appellate Division. Motions for
reconsideration must be filed within 10-days of the decision.
R.2:11-6. Therefore, the enclosed material is being returned to
you, unfiled.

JOSEPH H. ORLANDO
CLERK






FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 13 2024 ★

BROOKLYN OFFICE

JOEL GRUEN
965 E 29TH ST
BROOKLYN NY 11210

$2.83   US POSTAGE
FIRST-CLASS
Jun 11 2024
Mailed from ZIP 11210
7 OZ FIRST-CLASS MAIL FLATS RATE
ZONE 1

16313383                    062S0014949889

CLERK OF U.S. EASTERN DISTRICT COURT
ATTN PRO SE
225 CADMAN PLAZA EAST
BROOKLYN NY 11201

Shipped using PostalMate
Pkg:161388



```
                    PostalAnnex #20018
                      2918 Avenue I
                    Brooklyn, NY 11210
                    Ph:(347)374-2067
                    Fax:(347)374-3585
                    www.postalannex.com/20018


Shipment--------------------
   USPS Ground Advantage (lb.)
   Ship To:
        APPELETTE DIVISION CLERKS OFFICE
        25 MARKET ST
        PO BOX 006
        TRENTON, NJ 08625-0006
   Package ID: 143860          12.98
   Tracking #:  9434611206210975770310
   Actual Wt: 1.17 lbs
   Rating Wt: 2 lbs
   Pkg Dims:  14.00 x 10.00 x 0.75
   USPS Tracking        [$0.00]
Shipment--------------------
   USPS Ground Advantage (lb.)
   Ship To:
        CLERK OF THE SURPEME COURT HUGHES JUSTICE
COMPLEX
        PO BOX 970
        TRENTON, NJ 08625-0970
   Package ID: 143872          12.98
   Tracking #:  9434611206210975701840
   Actual Wt: 1.76 lbs
   Rating Wt: 2 lbs
   Pkg Dims:  14.00 x 10.00 x 0.75
   USPS Tracking        [$0.00]
Shipment--------------------
   USPS Ground Advantage (oz.)
   Ship To:
        LEAH LEDERBERGER ESQ.
        2110 W County Line Rd
        JACKSON, NJ 08527
   Package ID: 143879          9.02
   Tracking #:  9400111206210975198006
   Actual Wt: 0.26 lbs
   Rating Wt: 0.31 lbs
   Pkg Dims:  14.00 x 10.00 x 0.75
   USPS Tracking        [$0.00]
Shipment--------------------
   USPS Ground Advantage (oz.)
   Ship To:
        FAMILY DIVISION
        OCEAN COUNTY SUPERIOR COURT
        PO BOX 2191
        TOMS RIVER, NJ 08754-2191
   Package ID: 143880          7.99
   Tracking #:  9400111206210975127365
```

```
Actual Wt: 0.24 lbs
Rating Wt: 0.25 lbs
Pkg Dims:  14.00 x 10.00 x 0.75
USPS Tracking         [$0.00]
Shipment--------------------
USPS Ground Advantage (oz.)
Ship To:
    MATHEW B. THOMPSON ESQ.
    BERRY, SAHRADNIK,KOTZAS & BENSON ATTORNEY
S AT LAW
    212 HOOPER AVE
    PO BOX 757
    TOMS RIVER, NJ 08753-7608
Package ID: 143881          7.99
Tracking #:  9400111206210975160027
Actual Wt: 0.17 lbs
Rating Wt: 0.18 lbs
Pkg Dims:  14.00 x 10.00 x 0.75
USPS Tracking         [$0.00]
Shipment--------------------
USPS Ground Advantage (oz.)
Ship To:
    AHUVA GRUEN
    114 CHATEAU DR
    LAKEWOOD, NJ 08701-5249
Package ID: 143882          7.99
Tracking #:  9400111206210975181954
Actual Wt: 0.25 lbs
Rating Wt: 0.25 lbs
Pkg Dims:  14.00 x 10.00 x 0.75
USPS Tracking         [$0.00]


    SUBTOTAL           58.95
    TAX                 0.00
    TOTAL              58.95
TEND Acct - Debit      58.95
Debit account: Account 1
Remaining balance: 134.54


Total shipments: 6
Joel Gruen
                        03/04/2024
#26941                  10:14 AM
Workstation: 0 - Master Workstation


Signature_____
```

Track Your Packages at
www.postalannex.com/20018

**********************************
We Print, Copy and Ship.
Email your files to:
Printme20018@gmail.com
Thank you for your business
**********************************