UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Yoel Gruen,

                Plaintiff,

       v.

Ahuva Gruen *et al.*,

                Defendants.

24-cv-00094 (NRM) (LB)

**MEMORANDUM AND ORDER**

NINA R. MORRISON, United States District Judge.

    Plaintiff Yoel Gruen filed this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights, including under the Fifth Amendment to the United States Constitution and the Health Insurance Portability and Accountability Act ("HIPAA"). Compl. 4, ECF No. 1. Plaintiff's request to proceed *in forma pauperis*, Pl.'s Appl., ECF No. 2, is granted pursuant to 28 U.S.C. § 1915. The action is dismissed for the reasons discussed below.

## Background

    Plaintiff's allegations appear to stem from a matrimonial action in New Jersey. *See* Compl. at 10. Based on the Court's review of various documents filed by Plaintiff that appear to be copies of court filings from the matrimonial action, Plaintiff alleges that Judge Lisa Puglisi of the New Jersey Supreme Court entered a default judgment of divorce against Plaintiff in favor of his former wife, Ahuva Gruen, while Plaintiff was involuntarily hospitalized. *See* Ex. (March 27, 2024) at 25, ECF No. 7.

Plaintiff names eighteen defendants, including New Jersey state court judges Deborah Halon-Schron, Lisa Puglisi, Laurie Poppe and Gregory Gliedman (the "Judicial Defendants"); attorneys Cipora Winters, Diana L. Anderson, Leah Lederberger, and Jacob Silver (the "Attorney Defendants"); Ancora Psychiatric Hospital, a psychiatric hospital located in New Jersey; physicians, psychologists, and social workers employed by Ancora Psychiatric Hospital, including Elizabeth Sunnu, Asanda Badar, Jared Moore, Andiree Evans, and Yvonne Pyne-Bailey (the "Ancora Defendants"); three non-profit organizations including the Organization for the Resolution of Agunot ("ORA"), Sister to Sister, and the Shalom Task Force (the "Non-Profit Defendants"); and, Plaintiff's former wife, Ahuva Gruen. Compl. at 8.

The allegations fall into several categories. Plaintiff alleges that Defendant Cipora Winters, an attorney, trained his former wife "with divorce planning techniques" that included "using trickery tactics against the Plaintiff" and that Winters conspired with Ahuva Gruen to falsely accuse Plaintiff of stealing marital assets and to arrange for his false arrest. *Id*. at 10. Plaintiff alleges that several of the Attorney Defendants and Judicial Defendants violated Plaintiff's rights under HIPAA and Plaintiff's right to due process under the Fifth Amendment in connection with court orders subjecting Plaintiff to involuntary hospitalization and other unfavorable judicial rulings. *Id*. at 4, 10–12. Plaintiff also alleges that Ancora Psychiatric Hospital and the Ancora Defendants violated his HIPAA rights and Fifth Amendment rights by divulging information about his medical condition to others,

including some of the Attorney Defendants and Plaintiff's former wife, without his permission. *Id.*

As to the Non-Profit Defendants, Plaintiff alleges that they "organized a devious and malicious protest and rally in public paying and teaching women and children" to falsely represent to the public that they are the victims of domestic violence for "political and monetary gains." *Id.* at 12. Plaintiff alleges that the Non-Profit Defendants organized women to file "false orders of protection against men . . . false court proceedings against men, false incarcerations against men," and to "us[e] and abus[e] the court system against men and innocent children causing parental alienation." *Id.* While he does not say so explicitly, it appears from a liberal reading of the Complaint that Plaintiff is contending that the Non-Profit Defendants are in some way responsible for Plaintiff's wife's decision to divorce him and the court's improper entry of his judgment of divorce.

Plaintiff makes two additional specific allegations against two of the Attorney Defendants. As to Defendant Leah Lederberger, Plaintiff alleges that she delayed filing her cross-motion in a New Jersey court proceeding, pushing off a court date and "abusing the court system for financial gains," thereby violating Plaintiff's rights to due process. *Id.* As to Attorney Defendant Jacob Silver, Plaintiff alleges that he lied before the New Jersey state court (in front of Judicial Defendant Gliedman), understating the extent of his involvement with Non-Profit Defendant Shalom Task Force and refusing to "ethically remove himself from representing Plaintiff due to a

conflict of interest" while aiding Plaintiff's former wife, Defendant Ahuva Gruen. *Id*. Plaintiff seeks monetary damages. *Id*. at 13.

The Court also notes that Plaintiff appears to have filed several actions in other courts arising from the same allegations Plaintiff makes here with many of the same claims against many of the same parties. Based on Plaintiff's submissions to this Court of filings in the New Jersey action, it appears to the Court that a final judgment was entered in the matrimonial action, that Plaintiff sought but did not receive *in forma pauperis* to appeal that judgment, and that Plaintiff unsuccessfully appealed the Appellate Division's denial of *in forma pauperis* status to the Supreme Court of New Jersey. *See* Pl.'s Ltr. (May 13, 2024) at 1, ECF No. 10 (noting submission contains Plaintiff's "motion for reconsideration to proceed as indigent filed by Plaintiff to the Superior Court of New Jersey Appellate Division"); Pl.'s Ltr. (Sept. 23, 2024) at 1, ECF No. 15 (describing filing as containing Plaintiff's "notice of appeal in the Supreme Court of the State of New Jersey"). Plaintiff also appears to have filed a nearly identical action in the United States District Court for the District of New Jersey. *See* Pl.'s Ex. ( May 28, 2024) at 4, ECF No. 11. It appears from Plaintiff's brief to the Third Circuit seeking to appeal the district court's decision that the court dismissed his action for failure to state a claim. *Id.*

## Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although at this stage the Court must assume that all of the factual allegations in the complaint are true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In addition to requiring sufficient factual matter to state a plausible claim for relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, the plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A pleading that only "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557). To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (quotation omitted).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 10, 15 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (cleaned up).

## Discussion

### I. The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine holds that federal district courts are prohibited from exercising subject matter jurisdiction over suits that are, in substance, appeals from state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414–15 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). Here, because Plaintiff alleges that his matrimonial proceedings concluded with a final judgment in state court (i.e., the judgment of divorce that he claims was unlawfully obtained), the *Rooker-Feldman* doctrine bars Plaintiff's claims against the Judicial Defendants. Plaintiff is now complaining of injuries caused by the state court judgments rendered before this action commenced and is asking this Court to review and reject those judgments; thus, the Court lacks subject matter jurisdiction over his claims against the Judicial Defendants. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (limiting the application of the *Rooker-Feldman* doctrine to "cases brought by state-court losers complaining of injuries caused by state-court judgments

rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *Hop Wah v. Vargas*, No. 24-cv-3146, 2024 WL 3835092, at *3–4 (S.D.N.Y. Aug. 15, 2024) (barring Plaintiff's claims against defendant Judge under *Rooker-Feldman* doctrine).

## II. Plaintiff's Section 1983 Claims

Section 1983 provides redress for deprivation of federally protected rights by persons acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–57 (1978). To state a claim under § 1983, a plaintiff must allege facts showing both (1) a right secured by the Constitution or laws of the United States was violated and (2) that the right was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48–49 (1988).

### a. The Judicial Defendants

Even if the Plaintiff's claims against the Judicial Defendants were not barred by the *Rooker-Feldman* doctrine, the Judicial Defendants are immune from suit. "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020); *see also Mireles v. Waco,* 502 U.S. 9, 11–12 (1991). "Judges are . . . subject to suit only for (1) 'nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity'; and (2) 'actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Brady v. Ostrager*, 834 F. App'x 616, 618 (2d Cir. 2020) (quoting *Mireles*, 502 U.S. at 11–12). The complete absence of jurisdiction requirement means that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Gross v. Rell*, 585 F.3d

72, 84 (2d Cir. 2009) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)); *see also Cora v. Lebron*, No. 24-cv-327, 2024 WL 308244, at *2 (E.D.N.Y. Jan. 26, 2024).

Here, Plaintiff's claims against the four Judicial Defendants arise entirely from actions they took during state court proceedings in their capacity as judges. *See* Compl. at 10–12. Plaintiff pleads no plausible facts to suggest that the actions taken by these Defendants were not taken within their judicial capacity, nor that they were not acting within their jurisdiction as judges when they took the actions that Plaintiff challenges. *Id.* The Judicial Defendants are thus immune from Plaintiff's suit for monetary damages. Accordingly, Plaintiff's claims against Judges Deborah Halon-Schron, Lisa Puglisi, Laurie Poppe, and Gregory Gliedman are dismissed for failure to state a claim and as frivolous under 28 U.S.C. § 1915(e)(2)(B). *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *Manchanda v. Reardon*, No. 23-cv-9292, 2024 WL 382116, at *9 (S.D.N.Y. Feb. 1, 2024).

### b. The Attorney Defendants

To the extent that Plaintiff seeks to bring claims under § 1983 against the Attorney Defendants, his claim fails. "It is well-settled that private attorneys and law firms . . . do not act under color of state law and are not state actors for purposes of Section 1983 simply by virtue of their state-issued licenses to practice law." *Manko v. Steinhardt*, No. 11-cv-5430, 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) (collecting cases). Even court-appointed attorneys do not become state actors by

virtue of their appointment by the court. *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983."). Accordingly, Plaintiff's claims against Defendants Lederberger, Silver, Winters, and Anderson are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

### c. Plaintiff's Claim Against Ahuva Gruen

Plaintiff's former wife, Ahuva Gruen, a private actor, is not a proper party under § 1983 because she does not act under the color of state law, and the Constitution regulates only the conduct of government actors and not private parties. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). "[C]onduct, no matter how discriminatory or wrongful," is generally beyond the reach of § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretzky*, 457 U.S. 991 (1982)); *cf. Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) ("[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974))).

Here, any claim under § 1983 against Ahuva Gruen fails because she is a private individual, and Plaintiff has not plausibly alleged that she acted under the color of state law or conspired with another state actor who did so. Thus, Plaintiff's claims are not plausible and are dismissed under 28 U.S.C. § 1915(e)(2)(B). *See, e.g.*,

*Grant v. Adult Protective Serv.*, No. 22-cv-775, 2022 WL 504409, at *6 (E.D.N.Y. Feb. 18, 2022) (plaintiff's claims fail because defendants are private individuals and plaintiff has failed to plead plausible factual allegations to support claims for state action or a conspiracy with state actors).

### d. The Non-Profit Defendants

To the extent Plaintiff seeks to assert constitutional claims against the Non-Profit Defendants (ORA, Sister to Sister, and the Shalom Task Force), his claim fails for substantially the same reasons the Court dismissed the claims against Plaintiff's former wife. The nonprofit organizations are private entities, and Plaintiff has failed to plead a plausible claim for state action. *See Ciambriello*, 292 F.3d at 323 (the Constitution regulates only the conduct of government actors and not that of private parties); *Batiste v. City of New York*, No. 22-cv-9772, 2022 WL 17177966, at *3 n.2 (S.D.N.Y. Nov. 23, 2022) (noting that the YMCA, as private not-for-profit corporation, is generally not liable under § 1983). Plaintiff's claims against the Non-Profit Defendants are dismissed for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B).

### e. The Ancora Defendants

Plaintiff could potentially assert a claim under § 1983 against at least some of the Ancora Defendants because they may be state actors (i.e., acting within their role as employees of a New Jersey state psychiatric hospital), but Plaintiff has failed to plead the essential elements of a § 1983 claim against these Defendants. Plaintiff alleges that the Ancora Defendants (along with others) violated his rights under the

Fifth Amendment to the United States Constitution. *See* Compl. at 4, 10–12. The Due Process Clause of the Fifth Amendment applies to the federal government, whereas the Due Process Clause of the Fourteenth Amendment applies to the states. *Dusenbery v. United States*, 534 U.S. 161, 167 (2002). Because no defendant is a federal actor, the Due Process Clause of the Fifth Amendment is not applicable here. *See Lau v. Specialized Loan Servicing, LLC*, No. 23-cv-1385, 2024 WL 3219810, at *11 (S.D.N.Y. June 28, 2024) ("Defendants are not state actors and so cannot be the targets of a Fifth Amendment due process claim."). Accordingly, Plaintiff's Fifth Amendment claims against Ancora Psychiatric Hospital, Elizabeth Sunnu, Asanda Badar, Jared Moore, Andiree Evans, and Yvonne Pyne-Bailey are dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

Liberally construed, Plaintiff may be seeking to assert a Fourteenth Amendment claim against those same parties that the alleged disclosure of his personal health information violates his rights. *See generally Hancock v. County of Rensselaer*, 882 F.3d 58, 66–67 (2d Cir. 2018); *Davidson v. City of Bridgeport*, 487 F. App'x 590, 592 (2d Cir. 2012) ("Personal medical information is protected by substantive due process."); *Doe v. City of New York*, 15 F.3d 264, 267 (2d Cir. 1994) (recognizing a constitutional right to privacy in personal information under the due process clause). Here, Plaintiff makes vague and conclusory allegations that many of the named Defendants discussed his medical conditions during the matrimonial proceedings. *See* Compl. at 11. He does not provide any details as to the nature of

any of these alleged disclosures and why they were unlawfully made in the context of his divorce proceeding. As Plaintiff makes no plausible factual assertions in support of his claim, this Court "[is] not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Friedman v. Chocolatte Espresso B. LLC*, No. 22-cv-1645, 2024 WL 1835336, at *2 (E.D.N.Y. Apr. 26, 2024) (noting that the plaintiff's conclusory allegations were not "accompanied by sufficient factual content to render his claim plausible"). However, because Plaintiff could, at least in theory, state a claim under § 1983 for a substantive due process violation against a state actor in connection with that actor's impermissible disclosure of his private health information, this claim is dismissed without prejudice. The Court does not express a view that there are facts in this case that could support such a claim, only that such a claim could be a cognizable cause of action under the right circumstances.

### III. There Is No Private Right of Action Under HIPAA

The Health Insurance Portability and Accountability Act ("HIPAA") prohibits the disclosure of medical records without a patient's consent. *See* 42 U.S.C. §§ 1320d-1 to -7. However, there is no private right of action under HIPAA. *Meadows v. United Servs., Inc.*, 963 F.3d 240, 242 (2d Cir. 2020) (per curiam) ("[W]e hold that there is no private right of action under HIPAA, express or implied."); *Morales v. N.Y. Univ.,* No. 22-cv-6452, 2023 WL 1785546, at *3 (E.D.N.Y. Feb. 6, 2023); *Morrison v. Shneur*, No. 21-cv-2096, 2021 WL 4949028, at *2 (E.D.N.Y. Oct. 25, 2021). As HIPAA does not

confer a private right of action, Plaintiff may not maintain an action under HIPAA against any of the Defendants for their alleged disclosed of his personal information. Plaintiff's HIPAA claims are thus dismissed for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B).

## Denial of Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation omitted)  However, while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." *Subbotovskiy v. Touro Univ.*, No. 23-cv-982, 2023 WL 8829173 (E.D.N.Y. Dec. 20, 2023) (quoting *Hassan v. U.S. Dep't of Veteran Affs.*, 137 F. App'x 418, 420 (2d Cir. 2005)).  The Court has carefully considered whether leave to amend is warranted here and decided it is not; the Court has determined that Plaintiff cannot cure the defects identified here by amending his complaint and re-pleading his claims. *See Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013).

## Conclusion

Accordingly, it is hereby ordered that the complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

The Clerk of Court is directed to enter judgment and mail a copy of this Order and the judgment to Plaintiff.

The Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/NRM*
NINA R. MORRISON
United States District Judge

Dated: September 30, 2024
      Brooklyn, New York