UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
YOEL GRUEN,

               Plaintiff,　　　　　　　　　　**ORDER**
　　　　　　　　　　　　　　　　　　　　　24-CV-94 (NRM) (LB)
     -against-

AHUVA GRUEN, *et al.*,

               Defendants.
---------------------------------------------------------X

**NINA R. MORRISON**, United States District Judge:

    Plaintiff Yoel Gruen's motions for *pro bono* counsel, ECF Nos. 22 and 23, are denied without prejudice. Plaintiff has permission to proceed *in forma pauperis*, per the Court's September 30, 2024 Order, ECF No. 16.

## DISCUSSION

    In civil cases, like this one, there is no requirement that courts provide indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, this Court has "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court believes that a litigant should have a lawyer, it has no authority to "appoint" counsel, but may only "request," pursuant to 28 U.S.C. § 1915(e)(1), that an attorney volunteer to represent that litigant. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–10 (1989). In determining whether to grant an application for counsel, the Court considers "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's

ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (discussing requests for counsel under 42 U.S.C. § 2000e-5 and describing factors for assessing requests for counsel under 28 U.S.C. § 1915 as "similar"). As a threshold matter, a plaintiff must demonstrate that his claim has substance or a likelihood of success. *See Hodge*, 802 F.2d at 60-61; *Cooper*, 877 F.2d at 174. The Court has applied these factors and determines that Plaintiff's application for *pro bono* counsel is not warranted.

## **CONCLUSION**

Plaintiff's motions for *pro bono* counsel, ECF Nos. 22 and 23, are denied without prejudice.

Plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 for free, confidential, limited-scope legal assistance.

The Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                                            */s/ Nina R. Morrison*
                                                            NINA R. MORRISON
                                                            United States District Judge

Dated: May 20, 2025
       Brooklyn, New York