UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
YOEL GRUEN,

                Plaintiff,                  MEMORANDUM AND ORDER
                                                        24-CV-00094 (NRM) (CHK)

        -against-

AHUVA GRUEN *et al.*,

                Defendants.
----------------------------------------------------------x
NINA R. MORRISON, United States District Judge.

On September 30, 2024, this Court granted *pro se* Plaintiff Yoel Gruen's request to proceed *in forma pauperis* ("IFP"), and dismissed the action for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). ECF No. 16. By mandate of the United States Court of Appeals for the Second Circuit, the judgment was vacated to allow Plaintiff to file an amended complaint. ECF No. 20. On May 20, 2025, this Court denied Plaintiff's request for pro bono counsel. ECF No. 24. For the reasons discussed below, Plaintiff's amended complaint, filed on May 27, 2025, *see* ECF No. 25, is dismissed.

## BACKGROUND

The following allegations are taken from the Amended Complaint and are presumed to be true for the purpose of this Order. Plaintiff names eighteen defendants, including New Jersey state court judges Deborah Halon-Schron, Lisa Puglisi, Laurie Poppe, and Gregory Gliedman, a Kings County Family Court Judge (the "Judicial Defendants"); attorneys Cipora Winters, Diana L. Anderson, Leah

1

Lederberger, and Jacob Silver (the "Attorney Defendants"); Ancora Psychiatric Hospital, a psychiatric hospital located in New Jersey; and physicians, psychologists, and social workers employed by Ancora Psychiatric Hospital, including Elizabeth Sunnu, Asanda Badar, Jared Moore, Andiree Evans, and Yvonne Pyne-Bailey (the "Ancora Defendants"); three non-profit organizations, the Organization for the Resolution of Agunot ("ORA"), Sister to Sister, and the Shalom Task Force (the "Non-Profit Defendants"); and, Plaintiff's former wife, Ahuva Gruen. *Id* at 2–4.[1]

Plaintiff's allegations appear to stem from a matrimonial action in New Jersey. *Id*. at 5–6. Plaintiff claims that Judge Lisa Puglisi of the New Jersey Supreme Court entered a default divorce judgment against him in favor of his former wife, Ahuva Gruen, while he was involuntarily hospitalized. *Id*. at 6. The allegations in Plaintiff's amended complaint fall into several categories. Plaintiff asserts that Defendant Cipora Winters, an attorney, "knowingly and willingly trained" his former wife "with divorce planning techniques" that involved "using trickery tactics against the Plaintiff." *Id*. at 4. He also claims that Winters conspired with Ahuva Gruen to falsely accuse him of stealing marital assets and to arrange for his false arrest. *Id*.

Plaintiff further states that several of the Attorney Defendants and Judicial Defendants violated his rights under the Health Insurance Portability and Accountability Act ("HIPAA") and his right to due process of law under the Fifth Amendment in connection with court orders requiring his involuntary hospitalization

---

[1] The Court refers to the page numbers generated by the Electronic Case Filing System ("ECF").

and other adverse judicial rulings. *Id.* at 6–7. Plaintiff also claims that Ancora Psychiatric Hospital and the Ancora Defendants violated his HIPAA rights and Fifth Amendment rights by divulging information about his medical condition to others. *Id.*

Plaintiff further claims that Defendant Leah Lederberger delayed filing her cross-motion in a New Jersey court proceeding, which pushed back a court date and amounted to "abusing the court system for financial gains," thus violating Plaintiff's rights to due process. *Id.* at 7. As to Attorney Defendant Jacob Silver, Plaintiff alleges that he lied to Judicial Defendant Gliedman and understated the extent of his involvement with Non-Profit Defendant Shalom Task Force and refused to "ethically remove himself from representing Plaintiff due to a conflict of interest" while assisting Plaintiff's former wife, Defendant Ahuva Gruen. *Id.* at 7–8.

As to the Non-Profit Defendants, Plaintiff alleges that they "organized a devious and malicious protest and rally in public paying and teaching women and children" to falsely represent to the public that they are the victims of domestic violence. *Id.* at 8. Finally, Plaintiff appears to assert that his rights under the Equal Protection Clause of the Constitution have been violated because "men are not given an equal opportunity of the equal protection clause" in divorce actions. *Id.* at 5.

The Court notes that the substance of this case is similar to an action that Plaintiff filed in 2021, in the United States District Court for the District of New Jersey — although in that case, he named only his former wife, her attorney, and a state court judge as Defendants. *See Gruen v. Gruen*, No. 3:21-cv-17224-GC-DEA. In

that matter, by Order dated November 1, 2023, the Court dismissed Plaintiff's amended complaint with prejudice, finding that Plaintiff's claims were barred by the *Rooker-Feldman* doctrine and that his claims against the Judicial defendants were barred by judicial immunity. *Id.* at ECF No. 42. The Court of Appeals for the Third Circuit affirmed the decision. *Id.* at ECF No. 49.

In this action, Plaintiff is seeking approximately nine hundred and fifty million dollars in damages. *Id.* at 8–9.

## **STANDARD OF REVIEW**

An amended complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it, raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted).

## DISCUSSION

### I.  Plaintiff's Section 1983 Claims

Liberally construed, Plaintiff claims that his constitutional rights were violated by the Defendants' actions during and arising from his divorce proceedings. Therefore, the Court considers his claims under Section 1983, which provides redress for deprivation of federally protected rights by persons acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–57 (1978). To state a claim under Section 1983, a plaintiff must allege facts showing both that (1) a right secured by the Constitution or laws of the United States was violated and that (2) the right was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### a. The Judicial Defendants

Plaintiff's claims against the Judicial Defendants are barred by the doctrine of judicial immunity. "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020) (citation omitted); *Mireles v. Waco,* 502 U.S. 9, 11–12 (1991).

"Judges are . . . subject to suit only for (1) 'nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity'; and (2) 'actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Brady v. Ostrager*, 834 F. App'x 616, 618 (2d Cir. 2020) (quoting *Mireles,* 502 U.S. at 11–12). The complete absence of jurisdiction requirement means that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Gross v. Rell*, 585 F.3d 72, 84 (2d Cir. 2009) (citation omitted); *see also Cora v. Lebron*, No. 24-CV-327-AMD-LB, 2024 WL 308244, at *2 (E.D.N.Y. Jan. 26, 2024).

Here, Plaintiff's claims against the four Judicial Defendants arise from decisions they made in their capacity as judges during court proceedings. Plaintiff pleads no plausible facts to suggest that the actions taken by these Defendants were not taken within their judicial capacity nor that Defendants acted in excess of their jurisdiction. The Judicial Defendants are thus immune from Plaintiff's suit for monetary damages. Accordingly, Plaintiff's claims against Judges Deborah Halon-Schron, Lisa Puglisi, Laurie Poppe, and Gregory Gliedman are dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) and as frivolous. *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))); *see also Manchanda v. Reardon*, No. 23-CIV-9292-JPC-KHP, 2024 WL 382116, at *9 (S.D.N.Y. Feb. 1, 2024).

### b. The Attorney Defendants

To the extent that Plaintiff seeks to bring a Section 1983 claim against attorneys Lederberger, Silver, Winters, and Anderson, that claim fails. "It is well-settled that private attorneys and law firms . . . do not act under color of state law and are not state actors for purposes of Section 1983 simply by virtue of their state-issued licenses to practice law." *Manko v. Steinhardt,* No. 11-CV-5430-KAM-LB, 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) (collecting cases). Even court-appointed attorneys do not become state actors by virtue of their appointment by the court. *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983."). Accordingly, Plaintiff's claims against Defendants Lederberger, Silver, Winters, and Anderson are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

### c. Plaintiff's Claim against Ahuva Gruen

Plaintiff's former wife, Ahuva Gruen, a private actor, is not a proper party under Section 1983 because she similarly does not act under the color of state law, and the Constitution regulates only the conduct of government actors and not private parties. *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) (citing *Blum v. Yaretsky,* 457 U.S. 991, 1002 (1982). "[P]rivate conduct, no matter how discriminatory or wrongful," is generally beyond the reach of § 1983. *Am. Mfrs. Mut.*

*Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation omitted); *cf. Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) ("[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'") (quoting *Jackson v. Metro. Edison Co.,* 419 U.S. 345, 351 (1974)).

Here, any claim against Ms. Gruen fails because she is a private individual. Plaintiff also has not plausibly alleged that she acted under the color of state law, nor that she conspired with another state actor who did so. Thus, Plaintiff's claims are not plausible and are dismissed under 28 U.S.C. § 1915(e)(2)(B); *see Gunn v. Stubbs*, No. 25-CV-02296-NCM-PK, 2025 WL 2403395, at *4 (E.D.N.Y. Aug. 19, 2025) (noting that plaintiff's claims failed because defendants were private individuals and plaintiff failed to plead plausible factual allegations to support claims for state action or a conspiracy with state actors). Accordingly, Plaintiff's claims against Defendant Ahuva Gruen are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

### d. The Non-Profit Defendants

To the extent Plaintiff seeks to assert constitutional claims against the nonprofit Organizations ORA, Sister to Sister, and the Shalom Task Force, his claims fail for substantially the same reasons as the claims against Plaintiff's former wife. The nonprofit organizations are private entities, and Plaintiff has failed to plead a plausible claim for state action. *See Ciambriello*, 292 F.3d at 323 (the Constitution regulates only the conduct of government actors and not that of private parties);

8

*Batiste v. City of New York*, No. 22-CV-9772-GHW, 2022 WL 17177966, at *3 n.2 (S.D.N.Y. Nov. 23, 2022) (noting that private not-for-profit organizations are generally not liable under Section 1983). Accordingly, Plaintiff's claims against the Non-Profit Defendants are dismissed for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B).

### e. The Ancora Defendants

Plaintiff asserts that the Ancora Defendants violated his rights under HIPAA and the Fifth Amendment to the Constitution by divulging his personal medical information to Judge Schron and attorneys Anderson and Winters. ECF No. 25 at 6–7. The Due Process Clause of the Fifth Amendment applies to the federal government, whereas the Due Process Clause of the Fourteenth Amendment applies to the states. *Dusenbery v. United States*, 534 U.S. 161, 167 (2002). Because no defendant is a federal actor, the Due Process Clause of the Fifth Amendment is not applicable here. *See Lau v. Specialized Loan Servicing, LLC*, No. 23 CIV. 1385-JPC-GWG, 2024 WL 3219810, at *11 (S.D.N.Y. June 28, 2024) (noting that defendants are not state actors and so cannot be the targets of a Fifth Amendment due process claim). Plaintiff's Fifth Amendment claim is therefore dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B). Accordingly, Plaintiff's due process claims against Ancora Hospital, Elizabeth Sunnu, Asanda Badar, Jared Moore, Andiree Evans, and Yvonne Pyne-Bailey are dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

Liberally construed, Plaintiff may be seeking to assert a Fourteenth Amendment claim that the alleged disclosure of his personal health information violated his rights. *See generally Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 66–67 (2d Cir. 2018); *Davidson v. City of Bridgeport,* 487 F. App'x 590, 592 (2d Cir. 2012) ("Personal medical information is protected by substantive due process."); *Doe v. City of New York*, 15 F.3d 264, 267 (2d Cir. 1994) (recognizing a constitutional right to privacy in personal information under the due process clause). Here, Plaintiff makes vague and conclusory allegations that many of the named Defendants discussed his medical conditions during the matrimonial proceedings. Plaintiff makes no plausible factual assertions in support of his claim, and this Court "[is] not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Friedman v. Chocolatte Espresso B. LLC*, No. 22-CV-1645-EK-JRC, 2024 WL 1835336, at *2 (E.D.N.Y. Apr. 26, 2024) (plaintiff's conclusory allegations were not accompanied by sufficient factual content to make his claims plausible).

Further, there is no private right of action under HIPAA. HIPAA prohibits the disclosure of medical records without a patient's consent. *See* 42 U.S.C. §§ 1320d-1 to 1320d-7. However, there is no private right of action under HIPAA. *Meadows v. United Servs., Inc.*, 963 F.3d 240, 242 (2d Cir. 2020) ("[W]e hold that there is no private right of action under HIPAA, express or implied."); *see also James v. N.Y.C. Health & Hosps. Corp. Off. of Leg. Affairs Claims Div.*, No. 23 CIV. 1206-PGG-OTW,

10

2025 WL 959093, at *21 (S.D.N.Y. Mar. 31, 2025). As HIPAA does not confer a private right of action, Plaintiff may not maintain an action under HIPAA that any of the Defendants disclosed his personal information. Accordingly, Plaintiff's HIPAA claim against the Ancora Defendants is dismissed for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B).[2]

## II. Plaintiff's Equal Protection Claim

Finally, it appears that Plaintiff argues that one or more of the named Defendants violated his right to equal protection of the laws because, he asserts, men generally face a disadvantage in divorce cases. He claims that men are evicted from their homes and that they cannot hire legal counsel "unless he's a multi millionaire." ECF No. 25 at 5. He states that men going through a divorce do not have equal rights "to tap in to the money from the house and from their asserts because women claim false claims, take out false orders of protections . . ." *Id.* To the extent that the Plaintiff attempts to establish an equal protection argument that men are treated differently in divorce cases, and that this unequal treatment was the proximate cause of his injury, his conclusory allegations lack any legal or factual support and do not state a claim for a constitutional violation. *See Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005) ("To prove a violation of the Equal Protection Clause . . . a plaintiff must demonstrate that he was treated differently than others similarly situated as a

---

[2] To the extent that Plaintiff's amended complaint, liberally construed, may be read to allege that any of the other defendants violated his privacy rights under HIPAA, those claims fail for the same reason, *i.e.,* the statute confers no private right of action under which he may bring suit against these individuals or entities.

11

result of intentional or purposeful discrimination."); *Naumovski v. Norris*, 934 F.3d 200, 213 (2d Cir. 2019) (holding that sex discrimination plaintiffs must establish that discrimination was a "but-for" cause of their injuries).

## **CONCLUSION**

Accordingly, the Amended Complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

The Clerk of Court is directed to enter judgment and mail a copy of this Order and the judgment to Plaintiff.

The Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                               */s/ Nina R. Morrison*
                                               NINA R. MORRISON
                                               United States District Judge

Dated:      October 28, 2025
              Brooklyn, New York